## TRANS–STATE OIL CO. v. BELL & GRADDY, Inc., et al.

### No. 4832.

Court of Civil Appeals of Texas. Texarkana.

Jan. 23, 1936.

H. P. Smead, of Longview, for appellant.

C. E. Bryson, of Houston, and Edwin M. Fulton and Robert W. Cummins, both of Gilmer, for appellees.

SELLERS, Justice.

This suit was brought by W. M. Bohan against Bell & Graddy and Bells-Wells Oil Company. There were other defendants, but the suit as to them was dismissed. W. M. Bohan while the suit was pending conveyed all his interest in the property to Trans-State Oil Company, which was substituted as plaintiff in the suit.

The action is one in statutory form of trespass to try title to 20 acres of land, a part of the Mary Van Winkle survey in Gregg county. The defendants' answer contains a general demurrer and a plea of not guilty. On the trial of the case before the court without a jury it was agreed that the sole question involved in the suit was the location of the west boundary line of the land sued for by plaintiffs. There was no parol evidence offered upon the trial except that of two surveyors, whose evidence went no further than to identify a map which was excluded by the court. The only documentary evidence introduced which is material to the question presented on this appeal is an assignment of an oil and gas lease executed by Bell & Graddy and Bells-Wells Oil Company to Frank W. O'Brien. The plaintiff claims title under this assignment. The material portions of which are as follows:

"The State of Texas, County of Gregg.

"Know All Men by These Presents: That,

"Whereas, Wesley Daniels, Martha Daniels and J. A. Knowles did heretofore on or about the 23rd day of October, A. D. 1930, by an oil and gas mining lease (Form 88 Revised), recorded in Vol. 61, pages 147–148 of the Lease Records of Gregg County, Texas, rent, let and lease unto Guy J. Stumpff and E. M. Green for the purpose only of mining and operating for oil and gas for the length of time and upon the terms and conditions set out in said recorded "Oil and Gas Lease," to which reference is here made for the full terms and

provisions thereof, the following described tract of land, to-wit:

"Situated in the County of Gregg, State of Texas, described as follows: All that certain lot or parcel of land, being the West end of the Miles George land, a part of the Mary Van Winkle Survey and beginning at the Southwest corner of the Missouri George land; thence North 10 W. 6 chains 24 links to South line of N. Bonner's land; thence West 34 chains 35 links to Rabbit Creek witness a sugar tree; thence Southwest up creek to corner with Houston Narl's land; thence East 44 chains 68 links to place of beginning, containing twenty-six (26) acres of land, more or less, whether accurately described by metes and bounds or not; this being the same land sold by J. A. Knowles and Millie I. Knowles to S. S. Barnett by deed dated the 6th day of November, 1917, and recorded in Vol. 35, pages 62–3, Deed Records of Gregg County, Texas; also the same land covered by deed executed by Irma Harris Barnett to said Wesley Daniels on the 12th day of December, 1918, recorded in Vol. 37, at pages 219–221, Deed Records of Gregg County, Texas; and,

"Whereas, the said lease and all rights thereunder and incident thereto upon said land are now owned by Bell & Graddy, Inc., a corporation, and Bells-Wells Oil Company, a corporation with a permit to do business in Texas;

"Now, therefore, for and in consideration of the sum of Ten Dollars, to us cash in hand paid by Frank W. O'Brien, the receipt of which is hereby acknowledged and confessed, and the further consideration hereinafter set out, we, the said Bell & Graddy, Inc., a corporation, and Bells-Wells Oil Company, a corporation, have sold, transferred, assigned and conveyed, and do by these presents sell, transfer, assign and convey unto the said Frank W. O'Brien of Dallas, Dallas County, Texas, all our right, title and interest in and to the above described oil and gas mining lease in so far as the same covers and includes:

"Twenty (20) acres off of the east end of the above described about twenty-six (26) acres. The said twenty-six acres is oblong and the east line is not perpendicular with the north and south lines, but the north and south lines of said twenty-six acres are practically parallel, and this conveyance is for the lease upon all of the land between the north and south lines from the east line a sufficient distance west

to cover and include twenty (20) acres out of the above described about twenty-six acres. Said rights, titles and interests as given and granted in said original oil and gas lease and as transferred to us by assignment and now owned by us are fully incorporated herein, the same as if set forth herein, and are hereby fully and completely sold, transferred, assigned and conveyed.

"It is understood, however, that the tanks and equipment belonging to the assignors and situated on the twenty acres herein assigned, but used in connection with their well on the six acres which is not assigned, are not included in this assignment, but are to remain the property of the assignors and they hereby reserve the surface rights necessary for their maintenance and use at their present locations. * * *

" * * * assignee shall within fifteen days from such acceptance begin the erection of a derrick on said land and diligently begin and pursue drilling operations for the mining of oil and gas upon said land to the extent hereinafter set forth.

"The first well shall be drilled one hundred fifty (150) feet west of the east line of the land herein conveyed and approximately an equal distance from the north and south lines of the same, or as near this location as permit can be secured therefor, and shall be completed and connected with the pipe line within sixty days after the erection of said derrick is completed.

"It is a further consideration that assignee will begin the drilling of the second well on this tract immediately after the first well above described has been completed; said second well to be drilled on the west end of the twenty acres herein conveyed and approximately an equal distance from the north and south lines of said land.

"Assignee will drill such other well or wells as are reasonably necessary to properly develop the property herein conveyed and assignee further agrees to drill any and all wells necessary to properly protect the property herein conveyed from offset wells on adjoining properties.

"Assignee will drill no well closer than three hundred (300) feet to the well of assignors now located on the west end of the twenty-six acres herein first described. * * *

"It is a further consideration that assignee shall deliver to the credit of assign-

ors, free of cost, in the pipe line to which he may connect his wells the equal three-eighths (3/8) of all the oil and/or gas produced and saved from the above described twenty acres herein conveyed. * * *

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said Frank W. O'Brien, his heirs and assigns, forever; and we, the assignors do hereby bind ourselves, our successors and assigns to warrant and forever defend, all and singular, the said premises unto the said Frank W. O'Brien, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof, by, through and under us.

"Witness our hands and the seals of said corporations, this the 29th day of December, A. D. 1931.

"Bell & Graddy, Inc.,
        "By: Claude Bell, President.
        "C. W. Claypool, Secretary.
    "Bells-Wells Oil Company:
        "By: Chas. A. Neal, President.
        "H. F. Myers, Secretary.
            "Assignors.
    "Frank W. O'Brien.
            "Assignee."

From this assignment the trial court found that it was the intention of the assignors to except the west 6 acres of the 26-acre tract irrespective of whether the tract actually contained 26 acres or not, and in accordance with this finding established the east boundary line of the land involved at a point 150 feet east of the well which was upon the ground at the time the assignment was executed. From this judgment the plaintiff has duly prosecuted this appeal.

The appellant on this appeal challenges the correctness of the trial court's holding. Apparently this lawsuit arose by a survey of the land involved made after the conveyance to plaintiffs whereby it was found that there was not 26 acres in the original tract, and for plaintiffs to receive 20 acres would include the oil well upon the east end of the 26-acre tract. We are of the opinion that the trial court erred in its conclusion that the legal effect of the instrument quoted from was to except 6 acres on the west end of the 26-acre tract. It will be observed that the granting clause of the assignment does not describe the 26-acre tract. The 26-acre tract is first described in the assignment for the purpose of identifying the land from which the grant is to be made, and the granting clause in no uncertain terms conveys 20 acres of the first-described 26 acres. The language relied upon by appellees as denoting an exception to them of 6 acres "but used in connection with their well which is not assigned," and the further language "assignee will drill no well closer than 300 feet to the well of assignors now located on the West end of the 26-acres herein first described," does not have that effect. The reference to the 6 acres not assigned was, in our opinion, used in the sense of a reference to the excess in the tract from which the conveyance was made, irrespective of what number of acres such excess might in fact contain.

In view of the well-established rule that, in construing a deed the paramount purpose is to ascertain the intention of the parties, Ogletree et al. v. Abrams et al. (Tex.Com.App.) 67 S.W.(2d) 227; Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.(2d) 1080, 85 A.L.R. 391, we have concluded that the manifest intention of the parties to the assignment under consideration was a conveyance of 20 acres of the 26-acre tract, provided the west line of the 20 acres conveyed should not extend further west than a point immediately east of assignors' oil well which was there upon the west end of the 26-acre tract of land. This intention of the parties not to include in the assignment the land upon which the well was located is clearly expressed in the quotations above which were relied upon by appellees as constituting an exception of the 6 acres. The fact that the granting clause conveys 20 acres of land will not control when it is apparent from the instrument as a whole that the west boundary of the tract conveyed should not include the oil well upon the tract from which the conveyance was made.

The judgment of the trial court will be reversed, and the cause remanded, with instructions that the west line of the 20 acres assigned be established in keeping with the views herein expressed.